JUNIUS BEEBE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35814. Promulgated December 16, 1929.

*Thomas H. Ray, Esq.*, for the petitioner.
*Frederick R. Shearer, Esq.*, for the respondent.

OPINION.

MORRIS: During 1921 and 1922 the petitioner sustained a net loss of $48,090.12 and $268.77, respectively, the latter of which is computed without taking into consideration the amount of the former, and for the years 1923 and 1924 he had a net income of $16,787.09 and $63,983.06, respectively, both of which sums are computed without taking into consideration the said net losses for prior years. In his determination of the deficiency for the taxable year involved the respondent subtracted from the said sum of $63,983.06 the amount of the net loss for 1922 of $268.77, leaving a balance of taxable net income of $63,714.29.

The petitioner seeks to have the net loss for 1921 applied to and made a part of the computation for each of the successive years 1922 and 1923 and the resulting loss in 1923 applied to the 1924 income in determining the amount of the net taxable income for that year.

The petitioner's entire argument is based upon section 204 (b) of the Revenue Act of 1921, and particularly upon that portion providing that for the second succeeding taxable year the amount of the excess of the net loss over the income for the succeeding taxable year shall be allowed as a deduction in computing net income, and apparently draws the conclusion therefrom that when so used, and the loss is in excess of the income for the second succeeding taxable year, a net loss is created for that year, which may be carried forward.

Section 206 of the Revenue Act of 1924 provides what net losses might be deducted during and after that taxable year, and in doing so it specifically provides in subsection (e) thereof that a taxpayer

may go back only so far as 1922 for net losses which might be deducted during the taxable year 1924. Subsections (e) and (f) of that section provide:

(e) If for the taxable year 1922 a taxpayer sustained a net loss in excess of his net income for the taxable year 1923 (such net loss and net income being computed under the Revenue Act of 1921), the amount of such excess shall be allowed as a deduction in computing net income for the taxable year 1924 in accordance with the method provided in subdivisions (b) and (c) of this section.

(f) If for the taxable year 1923 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1921, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

Therefore, any net loss "sustained" for the taxable year 1922 in excess of net income for 1923 shall, according to the foregoing, be allowed as a deduction in computing net income for 1924, but there is no provision therein for the deduction in 1924 of a net loss sustained in a year prior to 1922.

In *National Slag Co.*, 16 B. T. A. 1310, after quoting the following language from the report of the Senate Finance Committee on the Revenue Act of 1924:

This subdivision corresponds to section 204 (b) of the existing law. It should be noticed that in the bill it is provided that the amount of the net loss shall be used as a deduction in computing net income for the succeeding taxable years; it is not allowable, however, as a deduction in computing the net loss of the succeeding taxable year, since to do this would allow the benefits of the net loss to be taken not only in the two succeeding taxable years but for an indefinite time until it was absolutely wiped out.

we said:

It seems clear from the foregoing that Congress intended that the net loss of one year should be allowed as a deduction, in computing the net income of the succeeding year, only to the extent that the net loss did not exceed the net income of the latter year, and that Congress did not intend such loss should be allowed as a deduction in the succeeding taxable year if there was no net income in that year from which to make the deduction, since to do so would serve only to increase the net loss of the latter year, resulting in an accumulation or pyramiding of losses until absolutely wiped out.

We are of the opinion that the respondent's determination is in accordance with the law.

*Judgment will be entered for the respondent.*